UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 25 Cr. |
| DAVID MORRIS, | |
| Defendant. | |

**25 CRIM   350**

## COUNT ONE
### (Unlicensed Dealing of Firearms)

The Grand Jury charges:

1.      Between at least on or about March 28, 2025 through at least on or about May 9, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, not being a licensed importer, licensed manufacturer, or licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, willfully and knowingly engaged in the business of importing, manufacturing, and dealing in firearms, and in the course of such business shipped, transported, and received a firearm in interstate and foreign commerce, to wit, MORRIS dealt approximately 47 firearms without a license in New York, New York.

(Title 18, United States Code, Section 922(a)(1)(A).)

## COUNT TWO
### (Trafficking in Firearms)

The Grand Jury further charges:

2.      Between at least on or about March 28, 2025 through at least on or about May 9, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, shipped, transported, transferred, caused to be transported, and otherwise disposed of a firearm to another person in and otherwise affecting interstate commerce, knowing and having reasonable

cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in Title 18, United States Code, Section 932(a), to wit, MORRIS transferred firearms to a buyer in New York, New York with reasonable cause to believe that the buyer was illegally trafficking the guns internationally.

(Title 18, United States Code, Section 933(a)(1).)

## COUNT THREE
**(Distribution of Narcotics)**

The Grand Jury further charges:

3.    On or about April 18, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4.    The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT FOUR
**(Firearm Use, Carrying, and Possession)**

The Grand Jury further charges:

5.    On or about April 18, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in

Count Three of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

## COUNT FIVE
### (Distribution of Narcotics)

The Grand Jury further charges:

6.    On or about May 9, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

7.    The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

## COUNT SIX
### (Firearm Use, Carrying, and Possession)

The Grand Jury further charges:

8.    On or about May 9, 2025, in the Southern District of New York and elsewhere, DAVID MORRIS, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Five of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

## FORFEITURE ALLEGATION

9.      As a result of committing the offenses alleged in Counts One, Two, Four, and Six

of this Indictment, DAVID MORRIS, the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c),

any and all firearms and ammunition involved in or used in said offenses, including but not limited

to the following firearms, which the Defendant sold to undercover law enforcement officers

between on or about March 28, 2025 and on or about May 9, 2025:

a.      Beretta model APX handgun, serial number A015825X;

b.      Canik 55 model TP9SF Elite handgun, serial number 21BH12576;

c.      Glock Model 19 handgun, serial number BUFW659;

d.      Taurus Model G3 handgun, serial number ADC08501;

e.      Smith & Wesson Model M&P 380 Shield EZ handgun, serial number REP3257;

f.      Smith & Wesson Model M&P 9 Shield PC handgun, serial number HYU9624;

g.      Taurus Model G2C handgun, serial number TLZ45823;

h.      Taurus Model G2C handgun, serial number ADD214207;

i.      Taurus International Model PT738 TCP handgun, serial number 77460B;

j.      Ruger Model EC9S handgun, serial number 45728741;

k.      Ruger Model LCP Max handgun, serial number 380977917;

l.      Ruger Model LCP handgun, serial number 372451121;

m.      Ruger Model LCR handgun, serial number 154310054;

n.      SCCY Industries Model CPX2 handgun, serial number C344028;

o.      Sig Sauer Model P365 SAS handgun, serial number 66B416304;

p.      CZ Model CZ P09 handgun, serial number B550851;

4

q.    CZ Model CZ75 B handgun, serial number H178907;

r.    Ruger Model Security9 handgun, serial number 384-3352;

s.    Ruger Model Ruger57 handgun, serial number 643-78146;

t.    Glock Model 19Gen5 handgun, serial number BSCY426;

u.    Taurus Model G3C handgun, serial number ACL534187;

v.    Taurus Model G2C handgun, serial number AAL047272;

w.    Taurus Model G2C handgun, serial number TLN16794;

x.    Taurus Model PT809C handgun, serial number TGP62863;

y.    Taurus Model 856 Ultralite handgun, serial number LS87739;

z.    Taurus Model Judge handgun, serial number AGB016787;

aa.    Smith & Wesson Model M&P 9 Shield EZ handgun, serial number NHR4744;

bb.    Smith & Wesson Model M&P 9 Shield Plus handgun, serial number JRN7253;

cc.    Sig Saur Model P365 handgun, serial number 66A546522;

dd.    AMT California Model Backup handgun, serial number Dl18835;

ee.    Taurus Model G3C handgun, serial number ADA863162;

ff.    Taurus model G2C handgun, serial number AEB0888334;

gg.    Glock 19 Gen5 handgun, serial number BMTV277;

hh.    Glock PMF handgun, serial number AAE4027;

ii.    Smith & Wesson SD40VE, serial number FTU0030;

jj.    Smith & Wesson M&P 45 Shield handgun, serial number JBW3351;

kk.    Smith & Wesson M&P 40 Shield handgun, serial number HVH9019;

ll.    Smith & Wesson M&P Shield handgun, serial number JHT5070;

mm.    Smith & Wesson M&P Shield handgun, serial number JFM5178;

nn.  Smith & Wesson SD40 handgun, serial number FBD5276;

oo.  Smith & Wesson SD40VE handgun, serial number HFN8294;

pp.  Berretta 92FS handgun, serial number SER235090;

qq.  Ruger Max9 handgun, serial number 350196878;

rr.  Ruger 57 pistol handgun, serial number 64343067;

ss.  Sig Sauer P365 handgun, serial number 66A443813;

tt.  FEG PA-63 handgun, serial number AC1970; and

uu.  Zigana PX9 handgun, serial number T062021BM04116

10.  As a result of committing the offenses alleged in Count Three and Five of this Indictment, DAVID MORRIS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

11.  If any of the above-described forfeitable property, as a result of any act or omission of DAVID MORRIS, the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 924;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
JAY CLAYTON
United States Attorney